WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
DANIEL W. KRASNER
FRED T. ISQUITH
STUART M. SAFT*
ERIC B. LEVINE
JEFFREY G. SMITH†
FRANCIS M. GREGOREK†
MARY JANE FAIT◆
ROBERT D. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN◊
JEFFREY M. SCHWARTZ
MICHAEL JAFFE†
MARIA I. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD†
ALEXANDER H. SCHMIDT°
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.▽
DEMET BASAR°
ADAM J. LEVITT‡
LISA A. LOWENTHAL
STEVEN D. SLADKUS°

FOUNDED 1888

270 MADISON AVENUE

NEW YORK, NY 10016

212-545-4600

WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603
312-984-0000

M. JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS

OF COUNSEL
_____

ALAN McDOWELL▫
LINDA A. REDLISKY
NANCY S. PITKOFSKY°
MICHAEL C. MULÉ°
RACHELE R. RICKERT▽
THOMAS H. BURT
JILL H. BLUMBERG°
SCOTT J. FARRELL°
KATE M. McGUIRE
LAUREN P. KRAUS°
GUSTAVO BRUCKNER°
STACEY T. KELLY°
RONNIE BRONSTEIN
PAULETTE S. FOX°
MICHAEL J. MISKE
TAMARA E. GROSS
CHRISTOPHER S. HINTON
JOSHUA BERENGARTEN
INGRID C. MANEVITZ°
MATTHEW M. GUINEY
MARTHA J. BROSIUS
AYA BOUCHEDID
JULIE F. CORBO▽
_____

ALSO ADMITTED
*FL, †CA, °NJ, ◆IL
ONLY ADMITTED
▽CA, ‡IL, ▫VA, ◊NJ & PA

DIRECT DIAL 212-545-4605
FACSIMILE 212-545-4653
BRUCKNER@WHAFH.COM

November 2, 2005

**BY HAND DELIVERY**

Honorable Michael B. Mukasey
Chief Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2240
New York, New York 10007

      Re:    <u>Egleston v. Mosingo, et al</u>
              05-CV-04950 (MBM)

Dear Judge Mukasey:

We represent Plaintiff and Lead Plaintiff movant K.J. Egleston in the above-captioned matter pending before Your Honor. We write pursuant to Your Honor's Order of October 24, 2005. It is Plaintiff's position that this action should be removed from the suspense calendar and the case permitted to proceed against the non-bankrupt defendants.

On May 17, 2005, Collins & Aikman Corporation sought bankruptcy protection. On May 23, 2005, Plaintiff filed this action for violations of the federal securities laws during the period between May 15, 2003 and March 17, 2005, inclusive, against defendants Jerry L. Mosingo, David A. Stockman, J. Michael Stepp, and Bryce Koth, officers of the Company during the relevant time period. Several related actions were filed on behalf of investors [05-3791, 05-5098, and 05-5251] of which two had named Collins & Aikman Corporation as a defendant.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

**BY HAND DELIVERY**
Honorable Michael B. Mukasey
November 2, 2005
Page 2


On June 6, 2005, pursuant to the procedures established by the PSLRA, Plaintiff moved the Court to consolidate the various related actions and appoint Plaintiff as Lead Plaintiff. No other motion for appointment to be lead plaintiff was made. The Court has not yet decided this motion. Plaintiff intends to prosecute this action against the Non-Debtor defendants.

In the Second Circuit, "[i]t is well-established that stays pursuant to 11 U.S.C. § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). "Consistent with that guideline, courts in this Circuit have regularly refused to extend a debtor corporation's § 362(a) stay to its non-debtor officers and principals." *Gucci, Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004); *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999).

Should the Non-Debtor defendants seek protection of the bankruptcy stay, defendants would "bear[s] the burden of demonstrating that circumstances warrant extending the stay." *In re Adelphia Commc'ns Corp.*, 298 B.R. 49, 54 (S.D.N.Y. 2003). "In the absence of *evidence* which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a [non-debtor]." *CAE Indus., Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 34 (S.D.N.Y. 1990)(emphasis added).

The Second Circuit has allowed a single exception to the settled rule that stays under Section 362(a) apply only to the debtor. That lone exception permits the extension of the automatic stay to a non-debtor "only when a claim against the non-debtor will have an *immediate adverse economic consequence* for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (emphasis added). This is not the situation here.

The securities litigation was filed against Non-Debtors based upon actions for which they are independently liable under the federal securities laws.

Therefore, Plaintiff and putative Lead Plaintiff movant urges this Court to remove the above captioned case from the suspense docket.

Respectfully submitted,

Gustavo Bruckner

GB/418877
Enclosures